### 6970. KELLAM *v.* THE STATE.

BROYLES, J. 1. It is no ground for a new trial in a criminal case that two of the jurors selected were withdrawn by the clerk of the court, and two other jurors substituted for them, where the defendant's counsel merely "informed the court of the fact while the jury were considering the case, but did not ask for a mistrial," nor make any other motion in regard to the matter. The accused and his counsel, by failing to object to such substitution, when they discovered it, before the verdict was returned, waived any right they had to object, and will not be heard to complain after the rendition of the verdict.

2. Where a defendant charged with a felony strikes a jury and proceeds with the trial of his case, and makes no objection whatever to the jury, it is too late, after the verdict has been rendered, to make the objection that the jury were not put upon their voir dire. The accused, by his silence and by his conduct in proceeding with the trial of the case, will be held to have acquiesced in this irregularity and to have waived it. He can not now insist upon it as a ground for a new trial. *Clifton v. State,* 53 *Ga.* 241 (7); *Vaughn v. State,* 88 *Ga.* 731 (1), 735 (16 S. E. 64); *Inman v. State,* 72 *Ga.* 269 (2), 277.

3. Under the facts in this case the excerpt from the charge of the court, complained of, contains no material error. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED DECEMBER 3, 1915.

Indictment for burglary; from Laurens superior court—Judge Kent.   September 4, 1915.

*Fred Kea,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.