10483.  DONALSONVILLE LIVE STOCK CO. *v.* CORPORATION SERVICE
CO.

JENKINS, P. J.  1.  "The title of the holder of a note can not be inquired
into, unless it is necessary for the protection of the defendant, or to
let in the defense which he seeks to make."  Civil Code (1910), § 4290.

2.  In this case the answer of the defendant corporation, in the suit on a
note executed by it, does not set up a defense which would be good
even as against the original payee.  "After a contract entered into by
a corporation has been performed by either of the contracting parties,
the fact that the making of the contract involved an unauthorized
exercise of corporate power on the part of the company will not con-
stitute a defense to an action brought by the party having performed
the contract, to recover compensation for a breach of the contract by
the other party."  *Towers Excelsior Co.* v. *Inman,* 96 *Ga.* 506 (23
S. E. 418); *Johnson* v. *Mercantile Trust Co.,* 94 *Ga.* 324 (24 S. E.
576).

3.  "After the rendition of a verdict in a civil case it was too late to
object that one or more of the jurors who tried the case had not been
sworn, even though this fact was not known by the losing party or his
counsel before the verdict was rendered."  *Towns* v. *Rome Railway &c.
Co.,* 19 *Ga. App.* 457 (91 S. E. 790), citing *Slaughter* v. *State,* 100 *Ga.*
323 (28 S. E. 159), in which latter case it was said:  "In so far as it
may be gathered from any of the above authorities that a failure to
swear one, or more, or all, of the jurors trying a civil case would be
fatal to the verdict rendered, even where the losing party knew of
such failure before the trial ended, and yet made no objection or
complaint, we do not wish to be understood as now agreeing to such
a conclusion.  Our present decision is limited to the question before us
as it relates to criminal cases."

*Judgment affirmed.  Stephens and Smith, JJ., concur.*

DECIDED OCTOBER 20, 1919.

Motion to arrest judgment; from city court of Bainbridge—John
R. Wilson, judge pro hac vice.  March 31, 1919.

*W. V. Custer,* for plaintiff in error.  *J. C. Hale,* contra.

---

10486.  GREEN *v.* PROCTOR.

JENKINS, P. J.  The judgment of the ordinary requiring the removal of
obstructions from an alleged private way was sufficiently authorized
under the evidence; and the judge of the superior court did not err
in refusing to sanction the writ of certiorari.

*Judgment affirmed.  Stephens and Smith, JJ., concur.*

DECIDED OCTOBER 20, 1919.

Petition for certiorari; from Upson superior court—Judge
Searcy.  March 24, 1919.

*J. R. Davis,* for plaintiff in error.