### MOONEY *v.* MOONEY.

HUTCHESON, Justice. 1. It is a settled maxim that the right of peremptory challenge is not a right to select, but is a right to reject jurors. United States *v.* Marchant, 12 Wheat. 480 (6 L. ed. 700). Accordingly, where, in a ground of a motion by the defendant for new trial in an action for divorce and alimony, it is alleged that "the court erred in calling into the jury-box the first panel of the jury and directing the parties to proceed with the trial of the case, without allowing the defendant the privilege of striking the jury as provided by law," and "that he was in this way deprived of the right to strike the jury, and that if he had had this right the verdict of the jury would have been different," it not appearing that the defendant made any objection to proceeding with the trial before the first panel of jurors, or that the jury or any member thereof was for any reason disqualified or not impartial, the defendant will be held to have waived his right to strike from a panel of twenty-four jurors, as is allowed by statute in such cases (Code, § 59-703), and will not be heard to complain for the first time in a motion for new trial. See *Vaughn* v. *State*, 88 *Ga.* 731 (16 S. E. 64); *Kellam* v. *State*, 17 *Ga. App.* 401 (87 S. E. 158).

2. The evidence was sufficient to authorize the verdict in favor of the wife for divorce, permanent alimony, and attorney's fees; and the other grounds of the motion for new trial being without merit, the court did not err in denying the motion.

*Judgment affirmed. All the Justices concur.*

No. 12079. JANUARY 14, 1938. REHEARING DENIED FEBRUARY 18, 1938.

*W. A. Ingram,* for plaintiff in error.
*W. T. Townsend,* contra.