30506. HOLTSINGER *v.* SCARBROUGH.

DECIDED JUNE 22, 1944.

*W. O. Slate, Charles W. Bergman,* for plaintiff in error.
*Sara C. M. Torbert, B. L. Milling,* contra.

GARDNER, J. The substantial allegations of the petition are set out in *Holtsinger* v. *Scarbrough,* 69 *Ga. App.* 117 (24 S. E. 2d, 869), and we will not again set them out here. That opinion was based on an assignment of error on the overruling of the demurrer to the petition. This court held that Scarbrough was an invited guest, and that Holtsinger owed him the duty of exercising ordinary care toward him. The judgment of the lower court was affirmed. Thereafter the case was tried and a verdict for the

plaintiff was returned. Holtsinger (whom we will call the defendant) filed a motion for a new trial, which was overruled, and the case is here on assignment of error on the judgment overruling this motion. There are three assignments of error argued. The others are expressly abandoned. Those argued are: (1) The general grounds; (2) that the verdict is excessive; (3) that the court abused its discretion in striking a jury, and permitting the selection of a jury in the absence of the defendant's counsel. We will treat them in their order.

■ The former opinion of this court is the law of this case. The proof submitted on the trial is sufficient, under the allegations of the petition, to warrant the verdict. It was a jury question whether or not the plaintiff, by the exercise of ordinary care, could have avoided the alleged injury and damage. The jury were authorized, under the evidence, to find, under the comparative negligence rule which prevails in this State, that the defendant was more negligent than the plaintiff even if the evidence did warrant the conclusion that the plaintiff was negligent to some extent. Under the record nothing further need be said concerning the general grounds. The evidence is sufficient to sustain the verdict. *Southern Stages* v. *Clements,* 71 *Ga. App.* 169 (30 S. E. 2d, 429).

■ A verdict will not be set aside as excessive by this court unless it manifestly appears from the record that it was the result of prejudice, bias, corruption, or gross mistake. Code, §§ 105-2003, 105-2015; *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703); *Rutland* v. *Dean,* 60 *Ga. App.* 896 (2) (5 S. E. 2d, 601). It does not appear, under the facts of this case, that the verdict for $350 is excessive.

■ The case was sounded for trial on September 7, 1943, and was marked "ready." It became apparent to the court that the case would not be reached for trial on that day and it was postponed to the following day, September 8th. It was not displaced on the calendar. Counsel for the defendant informed the court that he had a case set in Fulton superior court for the 8th. The court made a notation on his docket, "Hold for Report." Court convened at 9 o'clock a. m. on the 8th. With the exception of this case, the day's business was completed about 11 o'clock. The court in the certificate as to this ground at this point states: "In order that a conclusion might be reached as to whether the case could

be tried, or whether the court would take a recess for the day, the court endeavored to locate Mr. Slate and ascertain the condition of his case in the Fulton superior court. Pursuant to this effort the court had a telephone call made to the court room of Judge Frank A. Hooper Jr., in Fulton superior court, and was given the information by some one who answered Judge Hooper's telephone that Mr. Slate was not engaged in that court, and that he was not present in that court. This court then requested B. L. Milling, Esquire, of counsel for plaintiff, to see if he could locate Mr. Slate and inform him that this case was now being called for trial. Mr. Milling in a few minutes reported to this court that he had endeavored to locate Mr. Slate at his office and at Judge Hooper's court, and that he had been informed that Mr. Slate was not present at either place. This court then ordered the case at bar to trial, and ordered Mr. Milling to proceed to strike a jury, which he did. After the jury was stricken, the court took a recess for lunch at an earlier hour than was customary in order for Mr. Slate to be located and given an opportunity to be present when the actual trial of the case began. The above stated facts come within the knowledge of the court and are certified to upon the court's own knowledge. Based upon information submitted, the court finds as a matter of fact and so certifies, that on the morning of Wednesday, September 8, notwithstanding the telephone messages received by the court and by Mr. Milling, Mr. Slate was actually present in the court room of Judge Frank A. Hooper Jr., in Fulton County, but was not actually engaged in the trial of a case. Mr. Slate was in DeKalb superior court when that court reconvened for afternoon session on Wednesday, September 8. Mr. Slate was informed by the court that this case had been placed on trial during the morning session; he was informed of the efforts which had been made to locate him by the court and by Mr. Milling, and he was also informed that the jury had been stricken and that the case would have to proceed to trial before the jury in the box. Defendant's counsel made no waiver of any of his rights. Mr. Slate made a motion for a continuance based upon a telegram which he presented to the court, relating to the absence of his client, the defendant. This motion for continuance was overruled, and the case proceeded to trial." The court, on this particular ground of the motion, heard evidence from both parties before

making the above certificate. It would seem from the argument of counsel for plaintiff in error that he interpreted the notation on the docket, "Hold for Report," to mean that the case would be held in statu quo until the attorney reported in person. It does not seem that the court, in deciding this issue, put this interpretation upon it, and we do not construe it to mean that the court should sit in uncertainty until counsel returned. We think a fair interpretation of the notation, and evidently the one which the court put upon it, is that if counsel became engaged in the trial of a case in Fulton superior court he would communicate with the DeKalb superior court. Counsel did not become engaged in a case in Fulton superior court; nor did he communicate with any of the officials of DeKalb superior court. It would seem from the record that the only effort made to ascertain the whereabouts and the engagements of counsel was at the instance of the judge of the superior court of DeKalb County and the attorney on the opposite side. The record does not reveal any good reason why counsel for the plaintiff in error could not have communicated and made contact with the officials of DeKalb superior court by telephone, either from the court house in Fulton County or from his own office. It will be discerned that the court nowhere states affirmatively that counsel for the plaintiff in error made any objection to trying the case before the jury which had been selected in his absence. The statement in the certificate to the effect: "Defendant's counsel made no waiver of any of his rights," is not sufficient, under this record, to sustain the contention that the plaintiff, over protest, engaged in the trial of the case because a jury had been chosen in his absence, thus denying counsel the right to strike a jury as the law provides under the Code, §§ 59-703 et seq. In *Mooney v. Mooney*, 185 *Ga.* 486 (195 S. E. 864), the Supreme Court said: "Accordingly, where, in a ground of a motion by the defendant for a new trial in an action for divorce and alimony, it is alleged that 'the court erred in calling into the jury-box the first panel of the jury and directing the parties to proceed with the trial of the case, without allowing the defendant the privilege of striking the jury as provided by law,' and 'that he was in this way deprived of the right to strike the jury, and that if he had had this right the verdict of the jury would have been different,' it not appearing that the defendant made any objection to proceeding with the trial

before the first panel of jurors, or that the jury or any member thereof was for any reason disqualified or not impartial, the defendant will be held to have waived his right to strike from a panel of twenty-four jurors, as is allowed by statute in such cases (Code, § 59-703), and will not be heard to complain for the first time in a motion for new trial. See *Vaughn* v. *State*, 88 *Ga*. 731 (16 S. E. 64); *Kellam* v. *State*, 17 *Ga. App.* 401 (87 S. E. 158)." The evidence is conflicting as to whether or not counsel for the plaintiff, when he arrived in court after the jury had been stricken and before the trial had proceeded further, made any protest concerning this matter or made any effort in connection therewith. Certain it is, however, that the record does not show that any objection was brought to the attention of the court as to this issue and a ruling made thereon by the court in such a manner as to authorize this court to pass upon same as a valid objection, it first affirmatively appearing in the motion for new trial. The certificate of the trial court is specific that a motion for a continuance on account of the absence of the defendant was made, but the overruling of this motion because of its insufficiency as a matter of law is not urged. The court did not abuse its discretion under the facts of this case, in allowing the jury to be stricken in the absence of counsel for the plaintiff in error. Trial courts, under the necessity of the case, are allowed great latitude under the law, in exercising discretion pertaining to such matters as are now under consideration, and this court will not disturb the judgment unless this discretion is manifestly abused.

The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*