THORNTON *v.* THORNTON, administrator, *et al.*

HAWKINS, Justice. Charlie Thornton, as administrator of the estate of J. H. Thornton, deceased, filed in Muscogee Superior Court against Callie P. Thornton, Everett B. Thornton, and Columbus Bank and Trust Company, a petition, count one of which as amended alleged: On November 22, 1941, J. H. Thornton died intestate. His widow, Callie P. Thornton, and named children including the petitioner and Everett B. Thornton, the principal defendant, survived him. The petitioner, at the widow's request, contacted a majority of the heirs and they agreed that he should buy a place for her to live the remainder of her life, and at her death the property would vest in the petitioner as administrator, and would be sold and the proceeds distributed to the heirs. Pursuant to the agreement, the petitioner selected a described tract of land consisting of 100 acres, and requested an attorney to prepare the deed conveying the land to the widow in accordance with the above plan. The attorney prepared the deed for both the grantor, the widow, and the petitioner, but in so doing inadvertently failed to insert the provisions of the agreement limiting the interest of the widow to a life estate. The omission was a result of oversight of the parties and the scrivener, was unknown to them at the time the deed was executed and delivered, and the deed, which because of the mutual mistake does not express the mutual agreement of the parties at the time of the purchase of the land, should be reformed so as to make it conform thereto. The petitioner paid the sole consideration for the deed out of the estate of his father. The widow is more than 80 years of age, feeble of mind, and quite gullible to the influence of her youngest son, Everett B. Thornton, who lives on the land with her and who, with full notice of the agreement and the mistake, unduly persuaded her to execute a deed conveying him a life estate in the land. Subsequently to the death of the intestate, the petitioner sold timber from the land and delivered the proceeds to the widow to be counted, and she gave the money to Everett B. Thornton, who deposited it in Columbus Bank and Trust Company in the name of his mother and himself. The petitioner has demanded that they return the money in order that he might preserve it as administrator of his father's estate, but they have refused to do so. Both defendants, Callie P. Thornton and Everett B. Thornton, are insolvent, and the petitioner has no adequate remedy at law. The prayers among others in count one were: that the deed to the widow be reformed so as to limit her interest to a life estate; that the deed executed by her be canceled as a cloud on the title to the true owner; that the account

with the bank be declared the property of the estate of J. H. Thornton, and the bank be directed to pay the petitioner the balance of the account; that an accounting be had, and the defendants be enjoined from drawing out any funds from the bank account; and that the petitioner have general equitable relief. Count two sets forth the same facts that are alleged in count one but, instead of praying for reformation and cancellation, asks that the court decree the land to be the property of the estate of J. H. Thornton, subject to be administered by the petitioner as administrator, and subject to the life estate of the widow, and that the defendants be declared to be holding the title to the land as trustees for the estate of J. H. Thornton.

Callie P. Thornton, by and through her son, Everett B. Thornton, as next friend, and Everett B. Thornton, individually, filed identical general demurrers to the amended petition on the ground that no cause of action at law or in equity was set forth in the petition; and Everett B. Thornton demurred specially to the amended petition on the ground that there is a nonjoinder of parties because the petition seeks a reformation of a deed executed by Dr. S. E. Young to Callie P. Thornton, and it does not appear that the grantor is a party to the suit; and Callie P. Thornton, by and through her son and next friend, demurred specially to the amended petition on the ground that it affirmatively appeared that Callie P. Thornton did not possess that amount of mental capacity recognized by law to enable her to be capable of managing her estate and to properly and adequately prepare her defense and protect her legal rights in the action instituted against her.

The above-named defendants and the bank filed separate answers. The answer of Everett B. Thornton contained a prayer that the petitioner, as administrator, be required to account and deliver to the defendant his distributive share in his father's estate.

The petitioner demurred to the answer of Callie P. Thornton on the ground that there is no authority under the law for one to designate himself as next friend of a defendant, and prepare, sign, and file defensive pleadings.

Mrs. Amoret C. Nix, the successor in title and interest to the grantor, S. E. Young, who died testate on February 11, 1950, was allowed to intervene as a party plaintiff.

The trial court appointed A. J. Land as guardian ad litem for Callie P. Thornton, and struck the pleadings filed by Everett B. Thornton as next friend, to which order Everett B. Thornton excepted pendente lite. A. J. Land accepted the appointment as guardian ad litem, and filed his answer.

The trial court overruled Everett B. Thornton's grounds of demurrer, to which ruling he excepted pendente lite.

At the conclusion of the evidence the court directed a verdict for the petitioner on both count one and count two, and a decree was entered, to which order and judgment Everett B. Thornton filed exceptions pendente lite. Thereafter, Everett B. Thornton filed a motion to arrest, set aside, and avoid the verdict and decree. The trial court denied the motion to arrest, and the defendant excepted in a direct bill of exceptions. *Held:*

1. The special demurrer complaining that there was a nonjoinder of parties was met by the order allowing Mrs. Amoret C. Nix, the successor in title to the grantor in the deed sought to be reformed, to intervene as a party plaintiff. It appearing that the interests of Callie P. Thornton were opposed to those of Everett B. Thornton, the trial court did not err in striking the pleadings filed by the latter as next friend, and appointing A. J. Land as guardian ad litem for Callie P. Thornton. A petition for reformation will lie where by mistake of a scrivener and oversight of the parties an instrument does not express the agreement between the parties. *Mulkey* v. *Spicer*, 202 *Ga.* 592 (43 S. E. 2d, 661). It follows that the amended petition set forth a cause of action for some of the relief sought, and the trial court did not err in overruling the defendant's general demurrer.

2. Irrespective of whether the relief granted under counts one and two was inconsistent, in order to be entitled to a reversal a plaintiff in error must show injury as well as error. *Holcombe* v. *Jones,* 197 *Ga.* 825 (30 S. E. 2d, 903). The decree in the present case provides among other things that, the defendant Everett B. Thornton having demanded an accounting of the petitioner as administrator, and the petitioner having accounted in court for all moneys received by him as administrator, and it further appearing to the court that the accounting is correct, it is decreed that, upon payment of the amount found due into the registry of the court for the benefit of Everett B. Thornton, he be divested of further interest in the estate. By his prayer for an accounting and the decree in his favor based thereon, Everett B. Thornton divested himself of any further interest in his father's estate, and will not be heard to complain in behalf of other heirs who are not parties to the present suit, and who therefore will not be bound by this decision. Accordingly, the trial court did not err for any reason assigned in overruling the motion to arrest the judgment and decree.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18156. ARGUED MARCH 9, 1953—DECIDED APRIL 14, 1953—REHEARING DENIED MAY 13, 1953.

*Cozart, Rosenstrauch & Nilan,* for plaintiff in error.

*Foley, Chappell, Kelley & Champion, Swift, Pease, Davidson & Chapman* and *A. J. Land,* contra.