35846.    DYE *v.* HIRSCH.

DECIDED SEPTEMBER 30, 1955—REHEARING DENIED OCTOBER 18, 1955.

804

*Boykin & Boykin, Shirley C. Boykin,* for plaintiff in error.

*O. W. Roberts, Jr.,* contra.

TOWNSEND, J. ■ Special ground 1 of the amended motion for a new trial contends that the court erred in refusing to grant a continuance and in refusing to recognize the plea for stay filed on account of bankruptcy by the defendant; in overruling said plea for stay and motion made by counsel for the defendant for stay and continuance pending application for discharge in bankruptcy. The plea of stay is itself sufficient as a pleading, under *Hunter* v. *Lissner,* 1 *Ga. App.* 1 (1) (58 S. E. 54). However, under the same authority, in order to be entitled to the continuance or stay in accordance with the motion of counsel for the defendant, it is incumbent upon him to offer in evidence the copies properly authenticated of the proceedings referred to therein.

There being nothing in the present record to indicate that counsel for the defendant offered any proof of this nature, it was not error for the trial court to overrule the motion. This assignment of error is without merit.

■ Special ground 2 contends that the trial court erred in admitting in evidence over objection the certiorari bond in the case of *Richards* v. *Dye*, referred to in the statement of facts herein. Special ground 3 contends that the trial court erred in directing a verdict because the jury was not sworn, there was no evidence to support a verdict presented to the jury, and movant was given no opportunity to strike a jury. Special ground 4 contends that the trial court erred in directing the verdict. These grounds will be considered in connection with the general grounds.

While there was no evidence whatever on behalf of the plaintiff to support the verdict for him, nevertheless, the plea and answer admits in plaintiff a prima facie case, and the admission was never withdrawn. Defendant then proceeded to plead affirmative matter which she contended would entitle her to prevail, this defensive matter being the same as that set out in the statement of facts in the case of *Richards* v. *Dye*, supra. The affirmative matter thus pleaded was not supported by any evidence, and it does not appear that any evidence was offered by the defendant in support thereof and rejected by the court. In *Alexander Hamilton Institute* v. *Van Landingham*, 44 *Ga. App.* 606 (1) (162 S. E. 304) it was held as follows: " 'A party to a suit will not be allowed to disprove an admission made in his pleadings, without withdrawing it from the record.' *Florida Yellow Pine Co.* v. *Flint River Co.*, 140 *Ga.* 321 (78 S. E. 900). The defendant in this case having, by a solemn admission in judicio, established the right of the plaintiff to recover unless the affirmative defense pleaded should entitle the defendant to prevail, which admission it was impossible in law for the defendant to contradict by any evidence whatsoever (*New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773, 774 (6), 116 S. E. 922), and there being no proof in support of the defendant's plea of rescission . . . the verdict directed in favor of the plaintiff was demanded as a matter of law."

The admission over objection of the certiorari bond in the case of *Richards* v. *Dye*, on which error is assigned in special ground 2,

was error for the reason that it was completely irrelevant to any issue in the case. Whether or not the defendant had prosecuted an appeal of another case, involving a different plaintiff, and whether or not she executed an appeal bond in that case, or had a surety on such bond, could in no event be determinative of her liability on the note sued on. The surety on that bond not being a party to this case would not be concluded by the judgment rendered, and before any liability could have been predicated against such surety, it must appear that he was a party to an agreement to that effect, as such liability does not appear from the wording of the bond itself.

It is true that counsel for the plaintiff contended, and the trial court was persuaded, that an agreement existed between counsel to the effect that the decision in the *Richards* case would "control all matters involved." Such agreements are binding. *Commercial Union Assurance Co., Ltd. of London* v. *Chattahoochee Lumber Co.*, 130 *Ga.* 191 (60 S. E. 554); *Jarrett v. McLaughlin*, 123 *Ga.* 256 (51 S. E. 329). The denial of such agreement would also make an issue of fact to be adjudicated by the trial court. *Peoples Credit Clothing Co.* v. *Scottish Union & National Insurance Co.*, 57 *Ga. App.* 747, 750 (196 S. E. 99). However, as between the very eminent and worthy counsel representing the plaintiff and defendant here, there seems to be no issue of fact for the adjudication of the court, as the statements of both are entirely compatible. Counsel for the defendant, who has been employed since the inception of both cases, states positively that "there never was any such agreement made by anyone." Counsel for the plaintiff, who took over the prosecution of the cases after the death of the attorney who filed the actions, states merely "that there was an understanding, *as he thought*, that an appeal be entered which would control in all matters involved." He does not state that this understanding was had with him, nor does he state its terms. Ordinarily the "matters involved" would be the issue of liability or non-liability of the defendant on the notes, her defense being the same in both cases. He does not state that there was an agreement (which would necessarily have had to be entered into after the trial of the Richards case) for security to be posted sufficient to meet a possible judgment in both the Richards and Hirsch cases, and he particularly does

not state that this was done and that the surety, Fischer, took on any liability in regard to the companion case. Therefore, since one attorney, who was not in the case from its inception, made no positive statement that such agreement existed, whereas the other attorney, who had represented his client throughout, stated positively that it did not, no issue of fact was formed under which the trial court could have determined (a) that any agreement existed, or (b) that the surety in the Richards case had agreed to accept any liability contingent upon an adverse determination of the Hirsch case, regardless of whether the Hirsch case was to be determined according to the outcome of the Richards case or not. However, error to be reversible must be harmful, and the introduction of this evidence, although immaterial and irrelevant to any issue in the case, and although it could have been harmful to the surety, is not in fact so, since he is not a party to the case, nor a party here in a position to complain in the bill of exceptions, and in any event he is not bound by a judgment entered up in a case to which he is not a party and of which he had no notice. *Dillin* v. *United Roofing & Supply Co.*, 34 *Ga. App.* 316, 318 (129 S. E. 573). The error was harmless to the defendant, Mrs. Dye, because a verdict against her was demanded in the absence of evidence supporting her defensive pleadings.

Likewise the irregularities regarding the jury not being sworn and counsel not being afforded an opportunity to strike from the jury list will not afford cause for this court to reverse the trial court. The right to strike jurors, and the right to have jurors sworn, is a substantial right, the deprivation of which will ordinarily require reversal, but reversal is not required under every circumstance because of the interposition of other rules of law. The right to complain may be waived. *Mooney* v. *Mooney*, 185 *Ga.* 486 (195 S. E. 864); *Towns* v. *Rome Railway &c. Co.*, 19 *Ga. App.* 457 (91 S. E. 790); *Donalsonville Live Stock Co.* v. *Corporation Service Co.*, 24 *Ga. App.* 302 (3) (100 S. E. 731). Or, as in this case, where the verdict was in any event demanded, no harm from such error resulted to the defendant and accordingly no ground for reversal is shown. "When a plaintiff in error brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practi-

cal law, and corrects only such errors as have practically wronged the complaining party." *Brown* v. *City of Atlanta*, 66 *Ga.* 71, 76; *Lamar* v. *Lamar*, 118 *Ga.* 684, 688 (45 S. E. 498). Since a verdict was demanded against the plaintiff in error under the record in this case, the errors complained of in these special grounds were harmless as to her.

■ As has been stated above, the judgment attempted to have been rendered against M. L. Fisher, the surety on the certiorari bond in another case, is entirely void as to him for the reason that he was neither a party nor a privy to the action. *McDonald* v. *Wimpy*, 204 *Ga.* 617 (2) (50 S. E. 2d 347). Accordingly, the judgment would not be conclusive as to him, but it is true that as to him it might be harmful for the reason that so long as it appears of record it might cause him practical injury as a cloud on title to his property. The fact remains, however, that he is not a party to this record or to this appeal, and is asking no relief of this court at this time. The plaintiff in error, Mrs. Dye, "will not be heard to complain in behalf of other[s] who are not parties to the present suit, and who therefore will not be bound by this decision." *Thornton* v. *Thornton*, 209 *Ga.* 784 (2) (75 S. E. 2d 749). As to her, this error also is harmless.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*