## 56163, 56164. WABASH LIFE INSURANCE COMPANY v. JONES et al.; and vice versa.

SHULMAN, Judge.

Appellant-Wabash Life Insurance Company's insured was shot to death while a life insurance policy issued by appellant was in full force and effect. The company denied the appellees-beneficiaries' application for double indemnity accidental death benefits on the basis of an exclusionary clause excepting such benefits when the insured's death is attributable to "violence intentionally inflicted by another person," and legal proceedings ensued. This appeal follows the grant of appellees-beneficiaries' and the denial of appellant-insurance company's respective motions for directed verdict.

1. At trial, plaintiff produced evidence which showed that the deceased was found dead in an alley in New York City. It was stipulated that the cause of death was multiple gunshot wounds. No other evidence was offered. The defendant Wabash rested after introducing, over objection, a certified copy of an autopsy performed on

the insured by the Chief Medical Examiner of the City of New York. The autopsy report described four gunshot wounds causing the insured's death: a contact wound through the head behind the right ear; two wounds to the upper torso; and one wound to the thigh and buttock. Appellees submit, citing *Interstate Life &c. Ins. Co. v. Wilmont,* 123 Ga. App. 337 (2) (180 SE2d 913), that the verdict was properly directed in their favor. We disagree.

While the evidence submitted by the beneficiaries would have authorized a jury verdict in their favor (see *Interstate Life &c. Ins. Co. v. Wilmont,* supra, Divisions 2 and 6), it did not demand one. *Continental Assur. Co. v. Rothell,* 227 Ga. 258 (181 SE2d 283). Accordingly, the directed verdict in favor of the beneficiaries must be reversed.

2. Wabash asserts that the trial court erred in denying its motion for directed verdict made at the close of all the evidence.

A. In a cross appeal, cross appellants-beneficiaries argue that the autopsy report was improperly admitted into evidence and that, absent such evidence, a directed verdict in favor of the insurance company could not be granted. The denial of the directed verdict cannot be sustained for the reason assigned.

Cross appellants did not object to preliminary proof of the autopsy report. See, e.g., *Interstate Life &c. Ins. Co. v. Whitlock,* 112 Ga. App. 212, 221 (3) (144 SE2d 532) as to preliminary proof. See *Redd v. State,* 240 Ga. 753 (3) (243 SE2d 16) as to waiver of objection to certification. Rather, after calling the court's attention to the necessary foundation, counsel argued that conclusions and diagnostic opinions in the autopsy report rendered the whole document inadmissible unless the foundation was laid. In support of this contention, cross appellants cite *Dennis v. Adcock,* 138 Ga. App. 425, 428 (226 SE2d 292): "'If a [medical] record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based.' [Cits.] Exactly the same rule applies to any inadmissible

testimony contained in the. . .record, including hearsay, and '[medical] records admitted in toto rather than through selected relevant portions. . .' " See also *Norman v. Allen,* 118 Ga. App. 394 (2) (163 SE2d 859).

In addition to a statement of the cause of death (the cause of death was stipulated in this case), the autopsy report labeled the death a "homicide." Upon proper objection this conclusional evidence should have been excluded. *Liberty Nat. Life Ins. Co. v. Power,* 112 Ga. App. 547 (4c), (4d3) (145 SE2d 801). The objection, however, sought to exclude the whole document on the basis that part of its contents was inadmissible. Therefore, while the court would not have committed reversible error in refusing to admit the whole autopsy report in evidence (see *Boggs v. Griffeth Bros. Tire Co.,* 125 Ga. App. 304 (6) (187 SE2d 915)), the court did not err in allowing the whole document in evidence. *Foster v. Continental Cas. Co.,* 141 Ga. App. 415 (6) (233 SE2d 492).

B. In its main appeal, Wabash submits that the contents of the autopsy report, exclusive of objectionable matter, refutes any conclusion other than that the insured's death was the result of an intentional act of a third person and demands the verdict in its favor. See, e.g., *Hamilton v. Metropolitan Life Ins. Co.,* 71 Ga. App. 784 (3), (4) (32 SE2d 540).

Summary adjudication, however, based on the physical evidence alone (i.e., multiple gunshot wounds, including a contact wound to the head) would not have been proper. *Taylor v. Aetna Life Ins. Co.,* 138 Ga. App. 832 (227 SE2d 394); *Continental Assur. Co. v. Rothell,* supra. Compare *Darby v. Interstate Life &c. Ins. Co.,* 107 Ga. App. 409 (130 SE2d 360). As the circumstances surrounding the insured's demise were not indisputably proven, the trial court properly denied Wabash's motion for directed verdict.

*Judgment reversed in Case No. 56163; affirmed in Case No. 56164. Bell, C. J., and Birdsong, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 21, 1978.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Howell*

*Hollis,* for appellant.

*John D. Allen, Grogan, Jones, Loyfield & Agnew, Michael Agnew,* for appellees.