## 69493. MALLARD v. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY.
### (326 SE2d 6)

BANKE, Chief Judge.

Appellant Mallard sued the appellee, Colonial Life & Accident Insurance Company, to recover benefits allegedly due under a disability policy providing coverage for "loss resulting directly, independently and exclusively of all other causes from bodily injuries effected solely by accident" and excluding coverage for "any loss caused directly or indirectly by disease . . . or bodily or mental infirmity." The disability for which the appellant sought to collect was allegedly precipitated by a strained back ligament. The trial court granted summary judgment to the insurer based on deposition testimony by the appellant's physician that the sprain had served to aggravate a pre-existing, congenital defect in the lower segment of the lumbar spine known as spondylolisthesis. This appeal followed. *Held*:

The physician's testimony that the appellant suffered from spondylolisthesis was as follows:

"Q. All right. Now, you testified that you called the hospital in Worth County where x-rays had been made at some earlier time and it was reported to you that he had a Grade 2 spondylolisthesis?

"A. Yes, sir.

"Q. All right. You didn't make that diagnosis yourself based on your examination because you didn't do the x-rays?

"A. No, sir. I did not. I used the interpretation of a qualified radiologist.

"Q. Sure. And this is a condition that can be diagnosed and must, indeed, be diagnosed by x-ray?

"A. Yes, sir."

While an expert may base his opinion on facts provided to him by others, he may not simply restate the opinion of another expert. See *Walker v. Fields*, 28 Ga. 237 (2) (1859); *Stephen Brown Radiology Assoc. v. Gowers*, 157 Ga. App. 770, 780 (5) (278 SE2d 653) (1981); *Hyles v. Cockrill*, 169 Ga. App. 132 (4) (312 SE2d 124) (1983). In the present case, the appellant's physician clearly did not make his own diagnosis that the appellant was suffering from spondylolisthesis but instead relied upon the diagnosis of another physician to that effect. Consequently, his testimony in this regard constituted inadmissible hearsay and was without probative value, even in the absence of an objection. See generally *Augusta Coach Co. v. Lee*, 115 Ga. App. 511, 517 (154 SE2d 689) (1967). Indeed, since the physician did not actually read the radiologist's report himself but had the report read to him over the telephone by some unidentified hospital employee, his testimony that the appellant suffered from spondylolisthesis constituted inadmissible double hearsay. Accordingly, the present record

does not support the grant of summary judgment to the insurer.
*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 14, 1985.

*Donald D. Rentz*, for appellant.
*C. Nathan Davis*, for appellee.