75865, 75908. ARMSTRONG v. VALLION; and vice versa.

(370 SE2d 215)

McMURRAY, Presiding Judge.

In this action for damages a patient, plaintiff Vallion, has sued her physician, defendant Armstrong, alleging a claim predicated upon an assault and battery. Plaintiff alleges that defendant misrepresented that he would remove a skin graft only from her buttocks when he intended and did remove the skin graft from her hip and leg. Upon trial of the case a verdict was returned in favor of the defendant.

Plaintiff moved for a new trial. Plaintiff's motion for new trial was granted solely on the grounds that it was error to admit into evidence the plaintiff's hospital records which were submitted by defendant. We granted defendant's application for interlocutory review of the grant of plaintiff's motion for new trial. Defendant appeals in Case No. 75865 and plaintiff cross-appeals in Case No. 75908. *Held*:

1. As the grant of a new trial was based on a special ground involving a question of law, the case sub judice does not fall within the general rule that the first grant of a new trial will not be disturbed. *Cobb County &c. Hosp. Auth. v. Crumbley*, 179 Ga. App. 896, 897 (348 SE2d 49).

2. At trial plaintiff's only objection to the admission of plaintiff's hospital record was that "the documents are hearsay." Thus, the hospital record was objected to as a whole and no attempt was made by plaintiff to specify the portion which is objectionable as hearsay. "Where a portion of the evidence is admissible and a portion inadmissible, objection to the evidence as a whole which does not limit itself to objectionable parts is insufficient. [Cits.]" *Crosswell v. Arten Constr. Co.*, 152 Ga. App. 162, 166 (2) (262 SE2d 522). See also *Mark Inn, Inc. v. Dept. of Transp.*, 174 Ga. App. 420, 421 (1) (330 SE2d 134); *Brantley v. Heller*, 101 Ga. App. 16, 18 (1) (112 SE2d 685); *Wabash Life Ins. Co. v. Jones*, 147 Ga. App. 254, 256 (2A) (248 SE2d 536). Thus, as some portions of the approximately 160-page hospital record were admissible the trial court did not err at trial in admitting the whole hospital record into evidence over plaintiff's objection to the record in toto. Consequently, the grant of plaintiff's motion for new trial was error.

3. In the cross-appeal plaintiff contends in her tenth enumeration of error that the trial court erred in allowing defendant's expert witness to testify that a skin graft was an appropriate procedure to employ in treating plaintiff's medical problem. However, such evidence was admissible for consideration of the jury in determining the amount of damages. *Perry v. Hodgson*, 168 Ga. 678, 687 (148 SE 659).

4. Plaintiff's remaining nine enumerations of error involve the trial court's failure to include in its instructions to the jurors, various

requests to charge submitted by plaintiff. In each instance the requested charge is either not adjusted to the evidence or covered in substance in the charge given by the trial court. Plaintiff's enumerations of error one through nine (on the cross-appeal) are without merit.

*Judgment reversed in Case Number 75865. Judgment affirmed in Case Number 75908. Pope and Benham, JJ., concur.*

DECIDED JUNE 2, 1988.

*Robert P. Killian*, for appellant.
*Terry A. Dillard, Bryant H. Bower, Jr.*, for appellee.