## A90A0012. SOUTHERN RAILWAY COMPANY v. MINOR.

(395 SE2d 845)

BEASLEY, Judge.

Defendant Southern Railway appeals a FELA judgment entered on a jury verdict for plaintiff Minor in the amount of $275,000. Four grounds of error are asserted: 1) charging plaintiff's requested instruction on assumption of the risk; 2) overruling defendant's objections to a doctor's deposition; 3) striking a juror for cause; 4) denying defendant's motion for new trial predicated on excessive damages awarded by the jury.

On July 6, 1983, Minor was working as a "crankhand" for Southern Railway. He had to bend over in order to make curve elevation readings. He heard his supervisor shout a warning and turned to see what was happening when he was struck by a hy-rail truck. The force of the blow propelled him several feet in the air. He landed in the ballast and then rolled down the embankment. Liability was contested, but the primary issue was whether Minor's condition at the time of trial was the result of this on-the-job accident or was caused by other factors.

1. Southern contends that there was no evidence as to assumption of the risk and thus a charge that such principle was inapplicable in a FELA case was error. This belies the ruling in *Atlantic Coast Line R. Co. v. Smith*, 107 Ga. App. 384 (2) (130 SE2d 355) (1963), that a similar charge was permissible as a cautionary instruction. Accord *Atlantic Coast Line R. Co. v. Blount*, 116 Ga. App. 86 (1) (156 SE2d 409) (1967). Because Southern's defenses included the theories that Minor failed to exercise ordinary care for his own safety and avoidance of the risk, defenses which, although distinct from assumption of the risk, are often confused with it even by lawyers, the charge was not reversible error.

2. Southern made pre-trial objections to a physician's deposition which was to be, and was, utilized at the trial. The principal thrust of its arguments was that portions of the doctor's opinion testimony were based on hearsay because he relied on reports containing other physicians' opinions. See *Mallard v. Colonial &c. Ins. Co.*, 173 Ga. App. 276 (326 SE2d 6) (1985). The stricture is against opinions based upon other opinions, not facts. See *Hyles v. Cockrell*, 169 Ga. App. 132, 134 (4) (312 SE2d 124) (1983). Southern also objected on the grounds that certain portions of the testimony were speculative and irrelevant. The original objections were addressed to specific but rather large segments of the doctor's testimony, often covering several pages. Before trial, the court thrashed through the objections and the testimony and struck what it believed to be the offending portions. Southern recognizes this but in its second enumeration of error complains that as to seven of its objections the trial court should have

gone on and struck the balance of the testimony it specified for exclusion.

Two pertinent principles are applicable. 1) " 'Where a portion of the evidence is admissible and a portion inadmissible, objection to the evidence as a whole which does not limit itself to objectionable parts is insufficient.' " *Armstrong v. Vallion*, 187 Ga. App. 380 (1) (370 SE2d 215) (1988). 2) Appellate decision is limited to those grounds presented to and ruled upon by the trial court. Where a different basis is urged either in brief or argument it will not be considered. *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986); *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1a) (275 SE2d 142) (1980).

Grounds (a), (b), (c) and (d) are all based on pre-trial objections of inadmissible hearsay to certain deposition testimony. In each instance the trial court weeded through and excluded those parts which it believed to be based upon hearsay. Southern made no further objection at trial. The testimony does not reveal that it was based solely on hearsay and thus was not subject to the general objections contained in the record. Contrary to Southern's contentions there was testimony that the doctor diagnosed a degenerative disc condition from his examinations and x-rays. The specific arguments made now by Southern were not offered below. These grounds reveal no reversible error.

Ground (e) recites the basis of objection as "speculation." The testimony that lifting would aggravate Minor's back problem was within the ambit of the doctor's expertise and appropriate in view of the diagnosis of a back problem based upon the doctor's prior examinations.

Ground (f) involves an objection that the testimony as to the possibility of back surgery was speculative and irrelevant. The doctor clearly stated that back surgery was not planned and would become necessary only if Minor was so disabled by pain that there was no alternative for him. Southern states that the trial court did not present the issue of future medical or wage loss to the jury. Southern has not carried its burden of showing not only error but harm. *Pope v. Propst*, 179 Ga. App. 211, 217 (10) (345 SE2d 880) (1986).

Under ground (g), testimony about a discogram was objected to on the basis of form of question and answer. This has been abandoned and Southern argues that it was irrelevant. Such argument, not having been raised, fails.

3. A juror on voir dire admitted that he had issued life insurance covering counsel for defendant; that he serviced the policy and receives two percent of the premium paid. The trial court struck him for cause over defendant's objection. Defendant contends that it was forced to use a peremptory strike to remove another juror who was

subsequently placed on the panel.

In order to insure impartiality of prospective jurors (see *Whitlock v. State*, 230 Ga. 700, 705 (198 SE2d 865) (1973)), the trial court is vested with great latitude in exercising its discretion to determine whether an individual juror can decide the case without bias and in accordance with the evidence. *Holtsinger v. Scarbrough*, 71 Ga. App. 318, 322 (3) (30 SE2d 835) (1944). Unless there is a manifest abuse of that wide discretion, the determination by the trial court will not be disturbed. *Hill v. Hospital Authority*, 137 Ga. App. 633, 636 (1) (224 SE2d 739) (1976). To achieve impartiality, the trial court did not err in striking the prospective juror. *Morris v. Bonner*, 183 Ga. App. 499 (1) (359 SE2d 244) (1987).

Furthermore, while a party is entitled as a matter of right to an array of impartial jurors to which peremptory challenges may be directed, "a party is entitled to no more. Having no legal right to a jury which includes those who because of scruple or bias he thinks might favor his cause, he suffers no prejudice if jurors, even without sufficient cause, are excused by the judge. Only if a judge without justification overrules a challenge for cause and thus leaves on the panel a juror not impartial, does legal error occur. . . . The entitlement of a party extends only to a fair and impartial jury; the right to reject, not select." *Jones v. State*, 139 Ga. App. 824, 825 (2) (229 SE2d 789) (1976). As succinctly stated in *Morris*, supra at 500 (1): " ' "A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury." ' " See *Grasham v. Southern R. Co.*, 111 Ga. App. 158, 161 (5) (141 SE2d 189) (1965). There was no error merely because the particular juror defendant sought did not serve.

4. The last enumeration of error is that the jury verdict of $275,000 was excessive in view of the fact that Minor only established about $3,000 in special damages. The remainder of the amount awarded must rest upon pain and suffering.

Questions as to the proper measure of damages in FELA cases are governed by general principles of law established by the federal courts. *Seaboard System R. v. Taylor*, 176 Ga. App. 847, 849 (2) (338 SE2d 23) (1985). Accord *Hepner v. Southern R. Co.*, 182 Ga. App. 346, 351 (356 SE2d 30) (1987). " '[T]he jury's determination of the amount of damages to be awarded is . . . inviolate, "absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial." ' " *Southern R. Co. v. Montgomery*, 192 Ga. App. 308, 311 (3) (384 SE2d 907) (1989) (physical precedent only), quoting from *Taylor*, supra.

It is often noted that Georgia has a standard of review consistent with that of the federal judiciary. *CSX Transp. v. Darling*, 189 Ga.

App. 719, 721 (1) (377 SE2d 217) (1988). With the revision of OCGA § 51-12-12 in 1987 the trial courts apply a different standard or measuring device from that formerly included in the code section. Even if this affected appellate review of excessive damage assertions in other types of cases, it would not serve to modify the well-established principles applicable to FELA cases.

Under the whole court decision in *Darling* (to which the author dissented), the amount of compensation for pain and suffering is a matter left within the virtually exclusive province of the jury. When there is no direct proof of improper cause, the issue of excessiveness is, by law, governed by judicial subjectivity in a realm absent objective criteria.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 20, 1990 —
REHEARING DENIED JULY 3, 1990 — CERT. APPLIED FOR.

*Greene, Buckley, DeRieux & Jones, Keith J. Reisman, Harold S. White, Jr.,* for appellant.
*Kerry R. McDonald,* for appellee.