## A92A0823. BROWN v. THE STATE.
(427 SE2d 9)

ANDREWS, Judge.

Tim Brown shot and killed Terri Brown, his estranged wife, and Gary Sentell. He was charged with murder and convicted by a jury of two counts of voluntary manslaughter. At trial, Brown claimed he was legally insane when he shot the two. His sole enumeration of error on appeal is that the trial court erred by allowing the State's expert psychiatrist to render an opinion as to his sanity which was improperly

based on hearsay.

To refute expert psychiatric testimony presented in support of Brown's insanity defense, the State presented testimony from a psychiatrist who examined Brown and stated that in his opinion Brown was not legally insane at the time of the shootings. The State's expert formed his opinion based on his own personal observations of the defendant, and on the conclusions reached by a psychologist who, at the request of the State's expert, personally administered and interpreted a battery of psychological tests given to the defendant to determine the existence of any mental illness, personality disorder, or organic brain disorder. The psychologist did not testify at trial, nor were the test results and conclusions drawn by the psychologist otherwise made a part of the trial record.

Generally, an expert cannot state his opinion based upon facts not within his personal knowledge which are not otherwise admitted in evidence. *Stouffer Corp. v. Henkel*, 170 Ga. App. 383, 386 (317 SE2d 222) (1984). In response to a hypothetical question, an expert may assume facts not within his personal knowledge, as long as the assumed facts are placed in evidence by the testimony of other witnesses or by other legal means. *Daniel v. Parkins*, 200 Ga. App. 710, 711 (409 SE2d 233) (1991). "On the other hand, an expert can give an opinion based upon facts which he personally observes. And where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based, in part, upon the other's findings." (Citations and punctuation omitted.) *Westbrook v. State*, 186 Ga. App. 493, 496 (368 SE2d 131) (1988). Here, the State's expert psychiatrist had no involvement in the administration of the tests by the psychologist. Moreover, the record does not reflect that the opinion of the State's expert could be based solely on his personal observations or other facts in evidence. Rather, the record shows that the State's expert considered the conclusions drawn by the psychologist as an integral part of formulating his opinion. Compare *Taylor v. State*, 174 Ga. App. 900, 901 (331 SE2d 920) (1985) (expert's opinion independently based upon tests personally performed by the expert was properly admitted even though the expert testified that his opinion was also based on a test performed by someone else).

"It is the rule in Georgia that the opinion of an expert witness on the sanity of a person must be based on his own observation of facts personally known to him, or he must give his opinion on hypothetical questions based on facts supported by evidence in the case. . . . [The expert] may give an opinion based upon his own examination of a person, upon his observation of that person, or upon any state of facts, supported by some evidence in the case, which he assumes as true." *Moore v. State*, 221 Ga. 636, 643 (146 SE2d 895) (1966). "An expert may give an opinion upon the facts testified to by other wit-

nesses, but not upon *their opinions*. A witness' opinion must be his own and he cannot act as a mere conduit for the opinions of others." (Emphasis in original. Citations and punctuation omitted.) *Hyles v. Cockrill*, 169 Ga. App. 132, 134 (312 SE2d 124) (1983); *Sapp v. Kitchens*, 124 Ga. App. 764, 765 (186 SE2d 121) (1971) (expert may not testify as to the composite opinion of himself and his associate); compare *Life Ins. Co. of Ga. v. Dodgen*, 148 Ga. App. 725, 729-730 (252 SE2d 629) (1972) (where opinion of one expert is made part of trial record, it is permissible for another expert witness to consider that opinion in reaching his own conclusions). In the instant case, the opinion of the psychologist drawn from the test results was not a part of the record in the case, and it is clear the State's expert psychiatrist based his own opinion, at least in part, on the psychologist's opinion. *Hyles*, supra at 134. To the extent the State's expert relied upon the opinion of another expert not before the court, his testimony was inadmissible hearsay without probative value even in the absence of an objection.[1] *Mallard v. Colonial Life & Accident Ins. Co.*, 173 Ga. App. 276 (326 SE2d 6) (1985). Since the opinion evidence based on hearsay concerned a critical issue in the case — Brown's main defense that he was insane at the time of the shootings — we cannot say the erroneous admission of this testimony was harmless. *Moore*, supra at 645.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 23, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992

*Cook & Palmour, Bobby Lee Cook, Kristina C. Connelly*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney*, for appellee.

---

[1] The testimony at issue was introduced, by agreement of the parties, in a videotaped deposition of the State's expert. Although no objections were made when the deposition was shown at trial, the defendant made specific hearsay objections to the relevant portions of the deposition at a pre-trial hearing at which the court deleted portions of the deposition testimony, but denied defense motions to delete other portions relating to the expert's opinion as to sanity. Since the court, in effect, denied a defense motion in limine seeking exclusion of the opinion testimony, no objection was necessary to preserve the issue for review. *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284 (260 SE2d 20) (1979); *Gielow v. Strickland*, 185 Ga. App. 85, 86 (363 SE2d 278) (1987).