51614, 51615. CLARK v. WRIGHT et al. (two cases).

MARSHALL, Judge.
Betty Clark, while driving her husband's car, received injuries when the rear tandem wheels of appellee's truck unexpectedly flew off and struck the front of the Clark vehicle with great force. Betty Clark filed suit for personal injuries, pain and suffering alleged to have been sustained as a result of the unexplained but negligent act. Her husband, who was not in the automobile, filed a separate suit claiming concomitant damages to his automobile, his wife's medical expenses, loss of services and consortium. At the conclusion of the evidence, the jury returned a verdict for the plaintiff

Betty Clark in the amount of $5,000 for her personal injuries, pain and suffering. The jury returned a verdict for her husband Franklin Clark in the amount of $2,000 for property damage only. Franklin Clark offered evidence tending to establish without rebuttal that ascertainable damage to his car was approximately $2,000. There was other evidence, however, that he had paid approximately $8,800 in medical expenses, would continue to pay some medical expenses in the future and had been deprived to a substantial degree the consortium and services of his wife Betty.

Both appellants moved for a new trial contending that the verdict and judgment limiting the damages of the husband to property damages was inconsistent and illegal when considered in connection with the verdict finding that the wife had suffered injuries, pain and suffering as a consequence of the collision. Appellant Betty Clark finds no specific fault in the verdict and judgment in her favor, but urges, as does her husband, that in order to do justice that portion of each verdict pertaining to damages only should be reversed and a new trial on damages only granted as to each appellant. *Held:*

1. The record establishes that the husband suffered damages for medical expenses in some reasonable amount, although the jury might have been authorized to find in some amount less than that for which prayer was made. Betty Clark testified she was injured as a result of this collision. She stated she suffered bruises, contusions, nausea and a general wrenching of her body. Two doctors testified that she had bruises, contusions, extreme nervous agitation, nausea and subsequent spinal complications, all as a direct result of the collision. The facts show she was hospitalized at least twice for treatment of these injuries and received drugs, physio-therapy, medical diagnosis, consultation and treatment to alleviate the pain and suffering she claimed to be direct result of her injuries. Each doctor attributed the treated injuries to the collision. While there was evidence that Betty Clark had been involved in a far more serious accident some eight years earlier and some of her problems could have been either an aggravation of or the residuals of those earlier injuries, there can be no belying

the evidence that the latest accident directly caused some injuries with resultant medical expenses.

Positive and direct testimony of an unimpeached witness cannot be arbitrarily disbelieved by a jury. *Lankford v. Holton,* 187 Ga. 94, 102 (200 SE 243); *Myers v. Phillips,* 197 Ga. 536 (4) (29 SE2d 700). The law infers bodily pain and suffering from personal injury. *Dodson v. Cobb,* 92 Ga. App. 654, 655 (89 SE2d 552). In this case, the husband's cause of action for medical expenses and loss of his wife's services are wholly derivative from the wife's cause of action. See *Bray v. Westinghouse Elec. Corp.,* 103 Ga. App. 783 (120 SE2d 628); *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425). When the jury found for the wife, it, in effect, determined that the defendant had caused her injury. The uncontradicted evidence shows that those injuries caused the husband to incur substantial medical expenses and the husband to lose to some extent his wife's services. In other words, the same jury's verdict for the wife could not logically preclude those damages sought by the husband which are directly derivative from the wife's claim. ". . .[T]he *same jury* heard the evidence in both cases. The witnesses testified only once. Their testimony was *exactly* the same in *both* cases. Their mode and manner of testifying was *exactly* the same in *both* cases. The *same* jury weighed the evidence and the credibility of the witnesses, and came up with unreconcilable verdicts. This type of result breeds an inconsistency into our system that undermines its foundation through destruction of its credibility." *Jarrett v. Parker,* 135 Ga. App. 195, 197 (217 SE2d 337). We conclude that the jury verdicts here were inconsistent, repugnant and illegal, since under the evidence the verdict for the wife authorized and demanded a verdict in some amount for medical expense damages suffered by the husband as a derivative from the wife's cause of action.

2. However, it does not necessarily follow that a grant of an unlimited new trial as to both appellants is required, or even that a new trial limited to the question of damages as to both appellants is suggested. Appellant Betty Clark does not raise any question as to the sufficiency of the monetary verdict in her favor. There is no reason why a new trial limited to the issue of the

husband's damages alone should not be granted.

We conclude the trial correctly denied the motion for new trial as to the appellant Betty Clark. The trial court erred in refusing to grant a new trial on the issue of damages as to the appellant Franklin Clark. Such new trial, however, properly should be limited to the issue of damages since the original verdict established liability. *Waggoner v. Bevich,* 127 Ga. App. 877, 881 (195 SE2d 246); *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92).

*Judgment affirmed as to No. 51614. Judgment affirmed as to liability but reversed as to damages in No. 51615. Pannell, P. J., and Evans, J., concur.*

ARGUED JANUARY 6, 1976 — DECIDED FEBRUARY 18, 1976.

*R. H. Reeves, III,* for appellant.

*Spivey, Carlton, Clark & Merrill, Brett Merrill, Smith, Sheppard & Gary, Loren Gary,* for appellees.