## 64071. BAILEY v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of selling marijuana, a violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence entered on the jury verdict.

1. Appellant contends that a portion of the trial court's charge to the jury on the issue of entrapment was both an erroneous statement of the law and impermissibly burden shifting. Upon examination of the entire charge on this issue, including that portion attacked by appellant as erroneous and burden shifting, we find it to be a full, fair, and accurate instruction on entrapment and not error for any reason urged. *Rucker v. State,* 135 Ga. App. 468, 471 (3) (218 SE2d 146) (1975); See generally *Gibson v. State,* 133 Ga. App. 68, 69 (2) (209 SE2d 731) (1974).

2. Appellant contends the trial court erred in failing to give his requested charge on entrapment. "In its charge the trial court fully covered all the principles of law requested by appellant though not in the precise language requested. Failure to charge in the exact language requested, where the charge given substantially covered the same principles is not error. [Cits.]" *Cohran v. State,* 141 Ga. App. 4, 5 (2) (232 SE2d 355) (1977); *Waters v. State,* 248 Ga. 355, 366 (6) (283 SE2d 238) (1981).

3. Appellant enumerates as error the admission of testimony, over a relevancy objection, concerning a conversation between appellant and an undercover G.B.I. agent who was the state's prosecuting witness. The discussion between the two men which was recounted by the challenged testimony allegedly occurred eight days after the transaction for which appellant was indicted. Appellant approached the agent in an angry fashion and asked him whether or not he was a law enforcement officer. The agent assured appellant that he was not an officer and urged him not to worry. Appellant responded: "Well, if you're a G.B.I., I'd stab you right here and now."

We find no error in the admission of this evidence in the instant case. "Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time *or thereafter,* charged with or suspected of the crime, is admissible against him upon his trial for committing it. [Cits.]" (Emphasis supplied.) *Hixon v. State,* 130 Ga. 479, 482 (2) (61 SE 14) (1908). Accord, *Moon v. State,* 154 Ga. App. 312, 315-316 (268 SE2d 366) (1980); *Bridges v. State,* 246 Ga. 323, 324 (2) (271 SE2d 471) (1980); *Conner v. State,* 160 Ga. App. 202, 203 (4) (286 SE2d 441) (1981).

4. Appellant contends that the trial court erred in refusing,

upon request, to rebuke the assistant district attorney after he allegedly made improper remarks in his closing argument to the jury. "We have carefully reviewed the alleged improper argument and find no reversible error. It is apparent that the assistant district attorney was merely attempting to impress upon the jury the gravity of the criminal offense appellant was charged with committing, [cit.], and the necessity for enforcement of that law, [cit.], in order to effectuate the prevention and deterrence of crime, [cit.]. In so doing the attorney for the state was authorized to argue 'all reasonable inferences and deductions which [might have been] drawn from the evidence however illogical they [might have seemed] to [appellant]. [Cits.] The discretion of the trial court in handling these matters will not be disturbed on appeal except in clear cases of abuse and we find none here. [Cits.]' [Cit.]" *Garrett v. State,* 160 Ga. App. 877, 879 (2) (288 SE2d 592) (1982). See also *Radcliff v. State,* 220 Ga. 169, 171-172 (2) (137 SE2d 654) (1964).

5. The trial court did not err in refusing appellant's request to instruct the jury that he could not be convicted for the sale of marijuana if they found from the evidence presented that he was acting solely as a procuring agent for the G.B.I. agent. *Royal v. State,* 158 Ga. App. 405 (3) (280 SE2d 427) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 13, 1982.

*Gerald P. Word,* for appellant.

*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.