69121. GROOVER et al. v. DICKEY.
(325 SE2d 617)

DEEN, Presiding Judge.

This is an unusual case involving the explosion of a Civil War artillery shell. The appellee, Thomas Dickey, is a collector of Civil War projectiles and author of several authoritative books and articles on the subject. Mr. Dickey's collection contained a rare Hotchkiss shell which was believed to be a solid shot containing no explosives. The appellant, James Groover, a carpenter/contractor, was hired by Dickey to perform corrective work on the shell which had a crooked base. Groover constructed a forge with a used paint can, charcoal and a vacuum cleaner in his backyard in order to heat the projectile and perform the corrective work on the base of the shell. Believing the shell to be solid iron, Groover heated it until it finally exploded; causing him to become in Dickey's words, "the last casualty of the seige of Vicksburg." Groover sustained an injury to his leg and knee which, according to his orthopedic surgeon, resulted in a 5% physical disability. Groover brings this appeal from a judgment entered on a jury verdict awarding him $10,000 and awarding his wife, Pamela, nothing on her claim for loss of consortium.

1. Appellants first contend that the verdicts in this case are in-

consistent and repugnant and that the trial court erred in denying their motions for a judgment notwithstanding the verdict and for a new trial.

The record indicates that the Groovers combined their claims in one suit. In *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982), the Supreme Court affirmed this court's decision in that case at 162 Ga. App. 525 (291 SE2d 445) (1982) and stated it correctly followed the rule set forth in *Douberly v. Okefenokee &c. Corp.*, 146 Ga. App. 568 (246 SE2d 708) (1978); *Burnett v. Doster*, 144 Ga. App. 443 (241 SE2d 319) (1978); *Clark v. Wright*, 137 Ga. App. 720 (224 SE2d 825) (1976); *Jarrett v. Parker*, 135 Ga. App. 195 (217 SE2d 337) (1975) and *White v. Hammond*, 129 Ga. App. 408 (199 SE2d 809) (1973), which holds that where the injured person and the spouse combine their separate claims in one lawsuit the loss of consortium claim is derivative, and where one jury has heard evidence on the same issue it cannot render inconsistent verdicts. As the evidence as to Pamela Groover's claim of loss of consortium is uncontradicted that portion of the trial court's judgment must be reversed and she is entitled to a new trial on the issue of damages. *Clark v. Wright*, supra.

2. Appellants next claim that the trial court erred in denying their motion for a directed verdict on the issue of liability. There are several material facts which are in dispute. Groover claimed he told Dickey of his plans to heat the projectile. Dickey denied any knowledge of Groover's intention to heat the shell and also denied telling Groover it was safe to heat it. Dickey claims to have suggested a mechanical means of separating the base of the shell.

If there is no conflict as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdicts shall be directed. OCGA § 9-11-50 (Code Ann. § 81A-150). Questions of negligence, diligence, comparative negligence and proximate cause are matters for a jury. A court should not take the place of a jury in solving them except in plain and indisputable cases. *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976); *Pike v. Stafford*, 111 Ga. App. 349 (141 SE2d 780) (1965). A careful review of the record indicates there were several issues of material fact as to liability which required resolution by a jury.

3. In appellants' third enumeration of error they argue that the trial court erred in overruling a motion for a new trial and assert the general grounds including the contention that the verdict was contrary to the weight of the evidence. "If the trial judge overrules the general grounds, appellate courts consider only the sufficiency of the evidence, not the weight of the evidence." *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131) (1976). Where the verdict is supported by some evidence and is approved by the trial court, this court is without

authority to interfere. *Preferred Risk Mut. Ins. Co. v. Thomas*, 153 Ga. App. 154 (264 SE2d 662) (1980). The verdict, in the instant case, was supported by the evidence and was not erroneous as a matter of law.

4. Appellants allege that under *Seagraves v. ABCO Mfg. Co.*, 118 Ga. App. 414 (164 SE2d 242) (1968), the trial court erred in giving instruction to the jury with respect to comparative negligence, assumption of the risk and contributory negligence.

A review of the transcript shows that the trial judge charged the jury from the *Seagraves* case. The jury charge is over 30 pages in length, and after reviewing the charge in its entirety, we find the court gave a fair and accurate charge of the law. See *Bailey v. State*, 163 Ga. App. 464 (294 SE2d 702) (1982).

5. There is no merit in appellants' fifth enumeration of error which claims that the trial court erroneously eliminated the issue of impaired or diminished earning capacity from the case. The transcript shows that this issue was included in several of the court's charges including one which was given verbatim from one of appellants' requests to charge.

6. The trial court correctly ruled that appellant's loss of future earnings was not a proper item of damages for recovery under the evidence presented at trial. Groover testified that his injuries prevented him from taking several jobs which had been scheduled and included work on a toy museum in Massachusetts and would have resulted in earnings of $50,000. There was, however, no evidence of a contract or commitment by the other party nor was there evidence as to expenses, time on the job or costs of materials. Any award by the jury as to appellant's lost profits would have been purely speculative. Appellants' cite *Southern Cotton Oil Co. v. Skipper*, 125 Ga. 368, 372 (54 SE 110) (1906) which states, "one element of such damage, if the evidence authorizes it, is a fair and reasonable compensation for the loss of what he would have otherwise earned in his trade or profession." The evidence in the instant case does not justify a recovery because Groover testified only what he "planned" to charge for building the museum and there was no commitment by the other party. As a general rule in tort actions, recovery may be had for loss of profits, provided their loss is the proximate result of the defendant's negligence or wrongful act and they can be shown with reasonable certainty. The profits recoverable in such cases are limited to probable, not possible, benefits. *Norris v. Pig'n Whistle Sandwich Shop, Inc.*, 79 Ga. App. 369, 373 (53 SE2d 718) (1949). Loss of profits which is completely conjectural is not recoverable. *Hip Pocket v. Levi-Strauss & Co.*, 144 Ga. App. 792, 794 (242 SE2d 305) (1978). We find no error in the trial court's refusal to permit this issue to go to the jury.

7. Appellants next contend that the award of $10,000 is so grossly

inadequate as to require a new trial. Groover's orthopedic surgeon, a personal friend from the age of 10 years, testified on behalf of the defendant. According to the doctor's testimony, Groover suffered only a 5% disability of the knee which would cause no physical restrictions or result in any disability preventing him from doing his work. The jury was also authorized to consider Groover's own conduct in causing his injury and to reduce the verdict accordingly under the charge on comparative negligence. " 'This verdict has the approval of the trial judge, and absent a manifest abuse and miscarriage of justice it should not be disturbed by an appellate court on the ground of inadequacy. *Brown v. Service Coach Lines*, 71 Ga. App. 437, 447 (31 SE2d 236) (1944)'; *Maloy v. Dixon*, 127 Ga. App. 151, 165 (193 SE2d 19) (1973)." *Waggoner v. Bevich*, 127 Ga. App. 877, 880 (195 SE2d 246) (1973).

8. Appellants' counsel claims the trial court erroneously refused to allow him to refer to applicable law during closing argument. Although the closing arguments were not transcribed, the trial judge's observations that appellants' counsel was undertaking to read the law to the jury were transcribed. While it is counsel's right to state his legal positions to the jury, *Ransone v. Christian*, 56 Ga. 351 (1876), counsel is not permitted to read law from the Code or from appellate court decisions to the jury during closing argument. *Garrison v. Rich's*, 154 Ga. App. 663 (269 SE2d 513) (1980); *Harris v. Collins*, 149 Ga. App. 638 (255 SE2d 107) (1979). A different rule obtains in a criminal case, *Goodrum v. State*, 240 Ga. 678, 679 (3) (242 SE2d 158) (1978).

9. In their final enumeration, appellants argue that a new trial should be granted on the sole issue of damages. All of the issues and arguments in this enumeration have been previously addressed. Appellants erroneously rely upon *Davis v. Pachuilo*, 169 Ga. App. 677 (314 SE2d 692) (1984), in support of their position. In *Davis*, there was no evidence even remotely suggesting any negligence on the part of the plaintiff.

*Judgment reversed in part and affirmed in part. McMurray, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1984 —
REHEARING DENIED DECEMBER 13, 1984 —

*C. James Jessee, Jr., Pamela K. Montague*, for appellants.
*J. Blair Craig II, Edward Marks*, for appellee.