## 75986. PETTY v. BARRETT.
(369 SE2d 294)

POPE, Judge.

The question presented by this case, to wit, whether OCGA § 51-12-1 (b) is to be given retroactive effect to events predating its enactment in a trial following its enactment, was recently addressed in *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988), wherein the Supreme Court, reasoning that this section works a substantive change in the law governing collateral benefits, held that it was to be given prospective effect only. Accordingly, the decision of the trial court denying plaintiff's motion in limine and allowing such evidence to be admitted in the present case must be reversed.

It does not follow, however, that a new trial is necessary on all aspects of this case. The record shows that the jury returned a verdict for plaintiff and awarded her $5,000 for pain and suffering. The only other damages sought by plaintiff were for medical expenses. It is obvious that the erroneous admission of evidence concerning collateral benefits could have affected the jury's decision on plaintiff's right to recover these latter damages although such evidence would be immaterial on the issue of plaintiff's entitlement to damages for pain and suffering. Consequently, we hold that the new trial in this case should be limited to the issue of plaintiff's right to recover for medical expenses incurred as the result of her injury. See generally *Clark v. Wright*, 137 Ga. App. 720 (2) (224 SE2d 825) (1976).

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 21, 1988 —
REHEARING DENIED MAY 6, 1988 —

*John T. Newton, Jr.*, for appellant.
*Samuel A. Murray*, for appellee.