## 76141. KELLEY v. HARRIS.
(369 SE2d 534)

BEASLEY, Judge.

Plaintiff Kelley and defendant Harris were involved in an automobile collision in 1985. Plaintiff's complaint for special and general damages was filed in January 1987.

OCGA § 51-12-1 (b), allowing proof of collateral benefits, became effective July 1, 1987. Plaintiff filed a motion in limine seeking to have collateral benefits ruled inadmissible, contending that the statute should be applied prospectively only. The trial court erroneously denied the motion, according to the subsequent decision in *Polito v. Holland*, 258 Ga. 54, 58 (5) (365 SE2d 273) (1988), but this does not resolve the present case.

After the court denied the motion, plaintiff stipulated in the pretrial order: "Plaintiff hereby abandons his claim for medical expenses and agrees that he will not offer any evidence, whether in the form of medical bills or direct testimony, argue to the jury that Plaintiff has incurred medical expenses, or otherwise infer that Plaintiff has incurred any medical expenses. Defendant . . . agrees that she will not offer any evidence, . . . nor argue . . . that Plaintiff's medical bills have been paid by collateral sources." Pursuant to that stipulation, no evidence of medical expenses was offered by plaintiff, nor was any collateral source evidence offered by defendant. The jury returned a verdict for $2,500, which was reduced because of plaintiff's PIP recovery to a zero judgment, except for costs.

Defendant contends that the parties' stipulation that no medical damages would be introduced by plaintiff and no collateral source payments by defendant makes any error harmless. She further argues that plaintiff's failure to make any offer of proof of his medical damages, which would then have been reduced by any proof of collateral

payments, leaves this court with nothing to review. We agree to the extent that plaintiff's acquiescence in the ruling as to defendant's evidence and failure to offer his evidence of medical expenses mooted the point.

If plaintiff had introduced medical evidence and defendant had then introduced collateral source evidence, plaintiff would not have been required to further object to that evidence in order to preserve the question for our review, having made the motion in limine. *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285 (1) (260 SE2d 20) (1979); see especially footnote 2.

Here, however, when the court ruled the collateral source evidence admissible, plaintiff made a strategic choice not to introduce his own medical evidence. This decision made the error of the trial court in denying the motion in limine, which is in the nature of a preliminary ruling on evidence, harmless in light of the trial that followed. "Harm as well as error must be shown affirmatively by the record to authorize a reversal. [Cits.]" *Hazelrig v. State*, 171 Ga. App. 942, 943 (1) (321 SE2d 437) (1984). While plaintiff on appeal argues that his decision was "provoked" by the trial court's action, no authority is cited for the argument that such provocation insulates the decision from its consequences. There is, however, contrary authority. See *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211, 212 (3) (319 SE2d 38) (1984). The choice to abandon the claim for medical damages, which plaintiff was not precluded from recovering by the statutory change in the collateral source rule, was his and provides no basis for reversal of the court's refusal to disallow the collateral source evidence. *Henderson v. State*, 182 Ga. App. 513, 518 (2) (356 SE2d 241) (1987), aff'd in part and rev'd in part on other grounds, 257 Ga. 618.

*Judgment affirmed. Banke, P. J., and Birdsong, C. J., concur.*

DECIDED MAY 20, 1988.

*H. Arnold Hammack*, for appellant.
*G. Wayne Hillis, Jr.*, for appellee.