## 77106. THOMAS et al. v. CLARK.
(373 SE2d 668)

BIRDSONG, Chief Judge.

Appellants appeal based on seven enumerations of error. The jury awarded appellant Cindy L. Thomas damages in the amount of $5,700 and appellant Ricky W. Thomas damages in the amount of $4,300. Subsequently, the trial judge reduced the jury's verdict

against appellant Ricky W. Thomas to $0.

Appellant Cindy L. Thomas was driving an automobile down a major thoroughfare. Appellee Frances T. Clark was driving an automobile on a street running perpendicular to the thoroughfare. Appellee Clark attempted to cross the thoroughfare, and a collision occurred in which appellant Cindy L. Thomas' vehicle collided with the right rear portion of appellee's vehicle. Neither driver saw the other driver before the collision; however, a witness did see appellee enter the thoroughfare, cross in front of appellant Cindy L. Thomas' oncoming vehicle, and observed the resulting collision. Appellee testified that she did stop at the stop sign and look in both directions before proceeding across the thoroughfare. The witness did not observe the appellee stop, but could not testify as to whether the appellee was stopped before she was observed. *Held*:

1. Appellant's first enumerated error is that the trial court erred in admitting evidence of medical benefits paid by collateral sources. The collision occurred on December 9, 1986, the complaint was filed on March 25, 1987, and trial commenced January 28, 1988. The collateral source rule was a viable part of Georgia law for many years. See, e.g., *Western & A. R. v. Meigs*, 74 Ga. 857. This rule, in essence, precludes evidence of the receipt of benefits or mitigation of loss from sources other than the defendant from operating to diminish the plaintiff's recovery of damages. *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273). However, the effect of the collateral source rule was radically modified by amendment of OCGA § 51-12-1, which became effective on July 1, 1987. Under amended OCGA § 51-12-1, in certain cases the jury may in its discretion consider collateral source evidence, but shall not be directed to reduce an award of damages accordingly. The Supreme Court has held that the provisions of OCGA § 51-12-1 abolishing the original collateral source rule would be applied prospectively only. *Polito v. Holland*, supra at 58; *Powell v. Stephens*, 258 Ga. 149 (368 SE2d 518). Accordingly, we find that it was error to admit evidence of medical benefits paid by collateral sources in evidence.

However, our inquiry does not end at this juncture, as the error must be prejudicial to warrant reversal. See *Kelley v. Harris*, 187 Ga. App. 215 (369 SE2d 534). Appellants did not waive, but affirmatively asserted, claims for medical damages for Cindy L. Thomas' injuries. Appellee thereafter elected to recall appellant Richard W. Thomas, and to obtain in-court admissions from him regarding the medical insurance benefits paid for his wife's injuries. The trial judge subsequently instructed that the jury in its discretion could consider the existence of an insurance policy purchased by appellants in arriving at its verdict. Under these circumstances, we cannot find the error harmless within the meaning of OCGA § 9-11-61.

Appellee asserts that in any event only appellant Richard W. Thomas made the claim for medical expenses and therefore the judgment for him is the only judgment, if any, which should be reversed. The trial record, however, does not support this argument. First, the complaint reflects that Richard W. Thomas did affirmatively claim for the hospitalization, medical care and treatment expenses of his wife. However, the complaint also avers that Cindy L. Thomas "incurred medical bills for treatment and care, and will continue to do so in the future," and reflects that both parties jointly prayed for certain damages including "special damages as proven at trial." Secondly, neither appellant abandoned their claims at trial. Thirdly, the form of the verdict does not expressly reveal what proportion of the amount awarded to each appellant was for medical expenses, if any. We decline to speculate regarding the jury's intent in announcing its particular verdict. Suffice it to say we cannot, based on this record, draw the conclusion which the appellee seeks concerning this issue.

The facts of this case are distinguishable from *Petty v. Barrett*, 187 Ga. App. 83 (369 SE2d 294). We are satisfied that a new trial is necessary in this case. In particular, we find that the issue of comparative negligence is inextricably joined with the issue of damages, and thus our just disposition of this case mandates that the judgment be reversed and a new trial authorized as to the claims of both appellants. OCGA § 5-6-8.

2. Appellant asserts that the trial court erred in charging the jury on the issue of comparative negligence. We disagree. See *Fargason v. Pervis*, 138 Ga. App. 686 (227 SE2d 464).

3. Appellant enumerates as error the trial court's charge to the jury that it could return a verdict for appellant Cindy L. Thomas on her claim of personal injuries without returning a verdict for appellant Richard W. Thomas on his consortium claim. We find this case factually distinguishable from *Groover v. Dickey*, 173 Ga. App. 73 (325 SE2d 617) and *Clark v. Wright*, 137 Ga. App. 720 (224 SE2d 825); see also *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270). Although the trial court's charge to the jury regarding the issue of consortium may have been confusing when viewed in its totality, the disposition we are directing in this case will correct any potential harm that might have flowed therefrom.

4. Appellant enumerates as error the trial court's ruling allowing appellee's counsel to cross-examine appellant Cindy L. Thomas on the allegations contained in the unsworn complaint. Although a defendant is entitled to a thorough and sifting cross-examination of a witness, OCGA § 24-9-64, the scope of such examination is within the sound discretion of the trial judge. *White v. State*, 253 Ga. 106 (4) (317 SE2d 196). This discretion will not be disturbed by an appellate court " 'unless manifestly abused.' " *Sanders v. State*, 181 Ga. App.

117 (3) (351 SE2d 666). Appellant has failed to demonstrate such an abuse of discretion in this case. However, we hasten to add that generally unsworn pleadings are drafted by attorneys representing the parties and thus care must be exercised to ensure that the specific scope of cross-examination meets the basic requirements of logical relevancy, legal relevancy, and materiality. See generally OCGA §§ 24-2-1; 24-9-62; *Fitzgerald v. State*, 166 Ga. App. 307 (7) (304 SE2d 114). Moreover, the trial court may exercise its discretion to require the party conducting cross-examination "to make the relevancy of his questions apparent." *Black v. Aultman*, 120 Ga. App. 826, 831 (172 SE2d 336).

5. In view of the disposition of this case, appellant's remaining enumerations of error need not be addressed either because they are without merit or because repetition of the conduct complained of is not likely to recur.

*Judgment reversed and case remanded with direction. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1988.

*Peter G. Williams*, for appellants.
*Kay D. Thompson*, for appellee.