## 77166. WILHELM v. ATLANTA GAS LIGHT COMPANY.
### (380 SE2d 276)

SOGNIER, Judge.

Mary Wilhelm brought suit against Atlanta Gas Light Company to recover damages for the injuries she allegedly incurred when an Atlanta Gas Light truck rear ended the vehicle in which she was a passenger. The jury returned a verdict in favor of Atlanta Gas Light and Wilhelm appeals.

1. Appellant contends the trial court erred by admitting evidence of benefits she had received from a collateral source, namely, workers' compensation. The collision occurred on July 3, 1984; the complaint was filed July 25, 1985 and trial commenced December 1, 1987. Appellant "filed a motion in limine seeking to have collateral benefits ruled inadmissible, contending that [OCGA § 51-12-1 (b), effective July 1, 1987] should be applied prospectively only. The trial court erroneously denied the motion, according to the subsequent decision in *Polito v. Holland*, 258 Ga. 54, 58 (5) (365 SE2d 273) (1988)." *Kelley v. Harris*, 187 Ga. App. 215 (369 SE2d 534) (1988). As in *Thomas v. Clark*, 188 Ga. App. 606 (373 SE2d 668) (1988), appellant did not waive, but affirmatively asserted claims for, medical damages, regarding which on cross-examination appellee was allowed to elicit that she had been recompensed by her workers' compensation benefits for all medical expenses she was claiming. "Under these circumstances, we cannot find the error harmless within the meaning of OCGA § 9-11-61 . . . . [Likewise, the] facts of this case are distinguishable from *Petty v. Barrett*, 187 Ga. App. 83 (369 SE2d 294) [1988]. We are satisfied that a new trial is necessary in this case." Id. at 607-608 (1). In view of the probability that the improper admission of evidence regarding appellant's collateral benefits directly influenced the jury into rendering a verdict that appellant recover nothing from appellee, we do not agree with appellee that the reasoning in *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 154-155 (1) (342 SE2d 352) (1986), is apposite here.

2. Appellant argues the trial court erred by giving a charge on legal accident because the evidence did not demonstrate that the accident occurred in the absence of negligence for which no one would be

liable, citing *Pelt v. Hutchinson*, 170 Ga. App. 408-409 (1) (317 SE2d 217) (1984). However, as we noted in *Wilhite v. Tripp*, 179 Ga. App. 428, 429 (1) (346 SE2d 586) (1986), even where the evidence would have authorized the jury to find that the accident occurred as the result of negligence by the parties to the suit or others, if the evidence also presents an "alternative explanation . . . which did not involve negligence on the part of anyone," a charge on accident is proper. Appellee argues that the giving of an accident charge was supported by evidence indicating that the accident occurred because appellee's truck, although driven at a reasonable speed and at a reasonable distance behind the vehicle in which appellant was a passenger, was unable to stop when the brakes were timely applied because of the rain-slick pavement. Upon retrial, should evidence be introduced equivalent to that adduced at this trial on which appellee relies, we cannot say that the giving of a proper charge on legal accident would be error. We need not address appellee's arguments explaining why the charge given in the case sub judice may have been proper despite appellee's admission that it incorrectly states the law on accident, because appellant did not enumerate any error regarding the accuracy of the language of the charge itself, and upon retrial this matter will likely be corrected.

3. Appellant contends the trial court erred by failing to give her requested charge based on OCGA § 40-6-49 (d), which provides that "[v]ehicles which approach from the rear any other vehicle or vehicles stopped or slowed to make a lawful turn shall be deemed to be following for purposes of this Code section." It is apparent from the plain and unambiguous language of this statute, see generally *Dixie Constr. Prods. v. Southeastern Council &c.*, 183 Ga. App. 101, 102 (357 SE2d 831) (1987), that an approaching vehicle is "following" the leading vehicle for purposes of OCGA § 40-6-49 (d) only where the leading vehicle has stopped or slowed to make a lawful turn. Where, as here, the evidence is uncontroverted that the leading vehicle in the accident was not itself stopped or slowing to turn, but instead had stopped because a vehicle ahead of it had stopped for the purpose of turning, the specific situation set forth in OCGA § 40-6-49 (d) is not applicable and a trial court does not err by failing to charge that subsection. See generally *Andrews v. Major*, 180 Ga. App. 393, 396 (5) (349 SE2d 225) (1986).

4. Appellant contends the trial court erred by failing to give her requested charge that the driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic and he must maintain a diligent lookout therefor. " 'A requested charge needs to be given only where it embraces a correct and complete principle of law *adjusted to the facts* and which is not otherwise included in the general instructions given.' [Cit.]" (Emphasis supplied.) *Andrews*,

supra at 396 (5). Should, upon retrial, no evidence be introduced other than the testimony by appellee's employee that he was attentive during the entire incident, appellant's evidence that the driver of her vehicle was able to avoid a collision with the vehicle in front of him would not constitute evidence that the employee-driver of appellee's truck was not diligent so as to authorize the giving of the requested charge.

5. Appellant asserts as error the trial court's refusal to admit the medical records from her treating physician on the basis that portions of the records contained inadmissible hearsay. While it is not error for a trial court to admit evidence as a whole over a hearsay objection when the complainant fails to specify what portions are inadmissible, see *Armstrong v. Vallion*, 187 Ga. App. 380 (2) (370 SE2d 215) (1988), it is likewise not error for a trial court to refuse to admit medical records containing diagnostic opinions and conclusions unless and until the proper foundation is laid. See *Dennis v. Adcock*, 138 Ga. App. 425, 428 (2) (226 SE2d 292) (1976). Since appellant neither deleted or expunged the hearsay portions of the records, as suggested by the trial court, nor established the proper foundation for the admissibility of all the evidence in the records, we cannot say under the circumstances presented in the case sub judice that the trial court erred by refusing to admit appellant's evidence.

*Judgment reversed. Carley, C. J., and Deen, P. J., concur in Divisions 1, 2, 4, 5, and in the judgment.*

ON MOTION FOR REHEARING.

Appellee moves this court to reconsider Division 1 in light of *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510) (1989). In *Whelchel*, as in the case sub judice, evidence of collateral benefits was improperly admitted and a verdict was returned in favor of the defendant. However, the trial court in *Whelchel* gave a charge limiting the jury's discretionary consideration of the collateral source evidence to the question of damages. In the case sub judice, the trial court charged the jury that evidence of collateral benefits is admissible in evidence and that the jury in its discretion "may consider such available benefits or payments and the cost thereof arriving at your *verdict*, but [you are] not required or directed to reduce the amount of damages." (Emphasis supplied.)

*Whelchel* stands for the proposition that the improper admission of collateral source benefits is harmless error where the jury's consideration of the evidence is restricted solely to the issue of damages and a verdict is returned in favor of the defendant, under cases like *Maloy v. Dixon*, 127 Ga. App. 151, 156, n. 2 (193 SE2d 19) (1972). *Whelchel* is thus inapposite to the case at bar where the charge as given did not

deal solely with damages but authorized the jury to consider the improper evidence as it relates to the verdict, i.e., the issue of liability. Therefore, not only was the admission of evidence regarding appellant's collateral benefits error here, see *Kelley, supra*, but that error was not rendered harmless by the charge given. See *Mathis v. Watson*, 259 Ga. 13 (376 SE2d 660) (1989).

DECIDED FEBRUARY 9, 1989 —
REHEARING DENIED MARCH 23, 1989 —

*Joe L. Anderson*, for appellant.
*Hansell & Post, R. Matthew Martin*, for appellee.