A94A2002. COLUMNS PROPERTIES, INC. v. COLEMAN et al.
(454 SE2d 546)

BIRDSONG, Presiding Judge.

Catherine Coleman sued Columns Properties, Inc., for damages based on injuries she sustained in a fall at a Columns Properties construction site. Coleman's husband, Dennis Coleman, also sued for loss of consortium. Columns Properties moved for summary judgment, and when the trial court denied the motion, this court granted an interlocutory appeal.

Dennis Coleman is a construction supervisor for Columns Properties. Catherine Coleman was employed as an independent contractor to clean houses for Columns Properties under her husband's supervision. Nevertheless, Catherine Coleman's contract with Columns Properties provided for workers' compensation coverage.

After her fall and injury while leaving her husband's office trailer on a job site, Coleman first filed a workers' compensation claim. Her

workers' compensation claim was denied because she failed to meet her burden of "showing that her fall both arose out of and in the course of her employment" with Columns Properties, and that decision was affirmed by a superior court. The Colemans then filed this action, alleging that Catherine Coleman was injured while at the job site "at the invitation and permission" of Columns Properties to pick up her paycheck. The record shows that Catherine Coleman had visited her husband's trailer on several occasions and used the same entrance each time. Before entering this door, she had to use a metal step that was attached to the trailer by its manufacturer. The step had no railings. Although the step was wet and muddy because it had rained that day, Catherine Coleman safely entered the trailer. When she started to leave, however, she put her foot on the step without looking and then slipped and fell. At a deposition given as part of her workers' compensation claim, Catherine Coleman testified she did not know what caused her to slip and fall. *Held*:

1. The critical issue is Catherine Coleman's legal status at the time of her injury. Columns Properties asserts that as the State Workers' Compensation Board found she was not within the scope of her employment when she was injured, she must have been on the premises for her own purposes, and thus her status on the premises was not as an invitee, but as a licensee. Thus, under the standard of care owed licensees, Columns Properties contends it is not legally responsible for Coleman's injuries because the only duty owed her was not to cause her injury wilfully or wantonly (*Sims v. Willoughby*, 179 Ga. App. 2, 3 (345 SE2d 626)), or knowingly permit her to run upon a hidden peril on the premises. *Patterson v. Thomas*, 118 Ga. App. 326, 327 (163 SE2d 331). Further, Columns Properties asserts that res judicata prevents the Colemans from re-litigating the issues decided in the workers' compensation award.

Since under *Continental Baking Co. v. Brock*, 198 Ga. App. 578, 579 (402 SE2d 331), res judicata and estoppel by judgment apply to workers' compensation awards on all questions of fact in matters in which the board had jurisdiction, Catherine Coleman cannot re-litigate the scope of employment issue in this litigation. *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (341 SE2d 294). Therefore, her status as an invitee would be dependent upon her presence as a contractor/employee, and the effect of the workers' compensation award is that she was present as either a licensee or trespasser. Because there is no evidence that Columns Properties wilfully or wantonly injured her or knowingly allowed her to be injured by a hidden peril, summary judgment was improperly denied. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. Further, although Dennis Coleman was not bound by the workers' compensation award, his claim is derivative of Catherine

Coleman's claims; if her claim fails, his claim fails. *Hall v. Gardens Services*, 174 Ga. App. 856, 858 (332 SE2d 3); *Groover v. Dickey*, 173 Ga. App. 73, 74 (325 SE2d 617).

Accordingly, the trial court erred by denying Columns Properties' motion for summary judgment. The judgment is reversed and the case remanded to the trial court with direction to enter judgment for Columns Properties.

*Judgment reversed and remanded with direction. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 6, 1995 —
RECONSIDERATION DENIED FEBRUARY 28, 1995 —

*Neal C. Scott, Mary P. Vilmos,* for appellant.
*Sherwinter & McElroy, Emily Sherwinter, J. Glenn McElroy,* for appellees.

