S95G0958. COLEMAN et al. v. COLUMNS PROPERTIES, INC.
(467 SE2d 328)

HINES, Justice.

We granted certiorari to the Court of Appeals to consider its decision in Columns Properties v. Coleman, 216 Ga. App. 428 (454 SE2d 546) (1995). The Court of Appeals determined that, under the doctrines of res judicata and estoppel by judgment, a prior workers' compensation award was a binding determination of the non-invitee status of the plaintiff in a subsequent premises liability action. For the reasons which follow, we reverse.

Catherine Coleman was injured in a fall at a Columns Properties, Inc. construction site. Coleman's husband was a construction supervisor for Columns Properties and Coleman was employed to clean houses for the company under her husband's supervision. Coleman's fall occurred while she was leaving her husband's job site office trailer, where she had gone to pick up her paycheck. Coleman filed a claim for workers' compensation benefits. The State Board of Workers' Compensation denied the claim after finding that Coleman failed to show that her fall "arose out of and in the course of [her] employment." See OCGA § 34-9-1 (4). The superior court affirmed the denial of benefits.

Coleman and her husband filed the present action against Columns Properties for damages for the injuries sustained in the fall and for loss of consortium. The suit alleged that Coleman came to the trailer at the company's invitation and request. The Court of Appeals concluded that the adverse finding by the State Board of Workers' Compensation[1] effectively established that Coleman was present at the job site as either a licensee or trespasser, thereby entitling Col-

---

[1] The Court of Appeals opinion states that the State Board of Workers' Compensation found that Coleman was "not within the scope of her employment when she was injured." Columns Properties at 429 (1). As we have already noted, what the Board actually determined was that Coleman failed to carry her burden of proof to show that her injury arose out of and in the course of her employment.

umns Properties to judgment in its favor as a matter of law.[2]

It has been held that

> [r]es judicata and estoppel by judgment are applicable to workers' compensation awards in the context of subsequent lawsuits *on all questions of fact* in matters in which the Board has jurisdiction. See *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (1) (b) (341 SE2d 294) (1986); *Greene v. Transport Ins. Co.*, 169 Ga. App. 504 (1)-505 (313 SE2d 761) (1984).

(Emphasis supplied.) *Continental Baking Co. v. Brock*, 198 Ga. App. 578, 579 (402 SE2d 331) (1991). However, the issue of whether or not Coleman's injury arose out of and in the course of her employment was not solely one of fact. It presented a mixed question of fact and law. *Johnson Controls v. McNeil*, 211 Ga. App. 783, 785 (440 SE2d 528) (1994); *Lavine v. American Ins. Co.*, 179 Ga. App. 898, 900 (348 SE2d 114) (1986).

But most significantly, such an administrative decision acts as an estoppel in a judicial proceeding with the same parties only where the issue decided by the administrative body is identical to that involved in the litigation. *Epps Air Svc. v. Lampkin*, 229 Ga. 792, 795 (2) (194 SE2d 437) (1972). Whether or not an injury arose out of and in the course of employment so as to be compensable under the Workers' Compensation Act is a significantly different issue than whether or not an individual holds the status of an invitee in an action grounded in premises liability. The former involves a causal nexus between the employment and the injury itself and the latter involves the relationship between the injured individual and the owner or occupier of the site of the injury.

In order for an injury to arise out of and in the course of employment for the purpose of workers' compensation, the injury must occur within the period of the employment, at a place where the employee may be in the performance of duties and while the employee is fulfilling or doing something incidental to those duties. In addition, a reasonable person must perceive a causal connection between the conditions under which the employee must work and the resulting injury. *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994). By contrast, the question of whether or not an injured party is the business or social invitee of the owner or occupier of the premises involves a determination of a relationship of mutual interest or advantage at

---

[2] The Court of Appeals determined that there was no evidence that Columns Properties wilfully or wantonly injured Coleman or knowingly allowed her to be injured by a hidden peril. *Columns Properties* at 429 (1).

the time of injury. See *Restaura v. Singleton*, 216 Ga. App. 887 (1) (456 SE2d 219) (1995); *T & M Investments v. Jackson*, 206 Ga. App. 218, 219 (1) (425 SE2d 300) (1992); *Frankel v. Antman*, 157 Ga. App. 26, 27 (276 SE2d 87) (1981). Thus, an adverse finding on compensability may have no bearing on the question of premises liability.

The administrative determination that Coleman failed to carry the burden of proof necessary to prevail in her workers' compensation claim does not preclude her possible status as an invitee of Columns Properties at the time of her injury. Accordingly, the judgment of the Court of Appeals cannot stand, and the case is remanded for consideration consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 4, 1996.

*Sherwinter, Sherwinter & McElroy, Emily Sherwinter, J. Glenn McElroy*, for appellants.
*Neal C. Scott*, for appellee.