## A94A2002. COLUMNS PROPERTIES, INC. v. COLEMAN et al.
(476 SE2d 86)

BIRDSONG, Presiding Judge.

In *Coleman v. Columns Properties*, 266 Ga. 310 (467 SE2d 328), the Supreme Court reversed the judgment of this Court in *Columns Properties v. Coleman*, 216 Ga. App. 428 (454 SE2d 546), holding that under the doctrines of res judicata and estoppel by judgment, a workers' compensation award was a binding determination that Catherine Coleman was not an invitee on Columns Properties' premises, and returned the appeal to this Court for consideration consistent with that opinion. Therefore, our prior judgment in this appeal is vacated and the judgment of the Supreme Court is made the judgment of this Court on the issue of whether res judicata and collateral estoppel prevented Catherine Coleman from relitigating her status on Columns Properties' premises. This reversal, however, does not end our inquiry because Columns Properties also contends that, notwithstanding the res judicata and collateral estoppel issue, the trial court erred by denying its motion for summary judgment.

After Catherine Coleman's workers' compensation claim was denied, "[t]he Colemans then filed this action, alleging that Catherine Coleman was injured while at the job site 'at the invitation and permission' of Columns Properties to pick up her pay check. The record shows that Catherine Coleman had visited her husband's trailer on several occasions and used the same entrance each time. Before entering this door, she had to use a metal step that was attached to the trailer by its manufacturer. The step had no railings. Although the step was wet and muddy because it had rained that day, Catherine Coleman safely entered the trailer. When she started to leave, however, she put her foot on the step without looking and then slipped and fell. At a deposition given as part of her workers' compensation claim, Catherine Coleman testified she did not know what caused her to slip and fall." *Columns Properties v. Coleman*, supra at 429. Catherine Coleman's husband, Dennis Coleman, also asserted a claim for loss of consortium. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. In this appeal, Columns Properties' motion for summary judgment asserted that regardless of Catherine Coleman's status as either a licensee or an invitee she cannot recover. We agree.

"The owner or occupier of land is under a duty to invitees to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to such invitees in the exercise of ordinary care. However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of

ordinary care." (Punctuation omitted.) *Cowan v. Waffle House*, 217 Ga. App. 273, 275 (456 SE2d 762). " '[W]here there is nothing to obstruct or interfere with one's ability to see such a "static" defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved.' " *Gaydos v. Grupe &c. Investors*, 211 Ga. App. 811, 813 (440 SE2d 545).

Catherine Coleman had visited the trailer numerous times using the same step even though there was another entrance she could have used. Further, she knew there was no handrail at the step.

Additionally, Catherine Coleman testified at deposition that after entering the trailer by use of the step, when she left, she stepped from the trailer without looking at the step, placed her right foot on the wet step, and slipped and fell to the ground. She testified that she does not know what caused her fall. " 'Proof of nothing more than the occurrence of plaintiff's fall is insufficient to establish defendant's negligence.' " *Wilson v. Duncan*, 211 Ga. App. 814, 815 (440 SE2d 550); *Lee v. Peacock*, 199 Ga. App. 192 (3) (404 SE2d 473).

Although at a session of her deposition a year later, Catherine Coleman testified several times that she fell because the "step gave way," she did not explain the contradiction between this testimony and her earlier testimony that she did not know what caused her fall even after the contradiction was called to her attention. Because this is unexplained, self-contradictory testimony, it must be construed against Catherine Coleman. *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680). In application this means that the portions of Catherine Coleman's contradictory testimony favorable to her must be eliminated and then all the testimony on the motion for summary judgment must be taken as it then stands, and construed in her favor, as the party opposing the motion, to determine whether summary judgment should have been granted. *Prophecy Corp. v. Charles Rossignol, Inc.*, supra at 28. Viewed in this manner, we must conclude that the trial court erred by denying Columns Properties' motion for summary judgment. Catherine Coleman's remaining testimony established nothing more than that she fell on a wet step, and that is not sufficient to carry her burden. *Wilson v. Duncan*, supra; *Lee v. Peacock*, supra. As Dennis Coleman's consortium claim is derivative of Catherine Coleman's claim, Columns Properties is also entitled to summary judgment on its claim as well. *Hall v. Gardens Svcs.*, 174 Ga. App. 856 (332 SE2d 3); *Groover v. Dickey*, 173 Ga. App. 73 (325 SE2d 617).

3. Additionally, Dennis Coleman first testified that he was unaware of any danger or defect in the step, and knew of no problem or danger with the step. Later in his deposition, however, Dennis Coleman changed his testimony regarding the condition of the step to

state that others told him that they had had problems with the step. Nevertheless, he did not explain the inconsistencies in his testimony. Consequently, because Dennis Coleman's testimony both claimed and denied prior knowledge of problems with the step, we must also apply the self-contradictory testimony rule to his testimony. *Gentile v. Miller &c., Inc.*, supra; *Prophecy Corp. v. Charles Rossignol, Inc.*, supra. Construed in this manner, Dennis Coleman's testimony was not sufficient to create a genuine issue of material fact on the condition of the step and whether Columns Properties had equal or greater knowledge of the condition of the step — even if we were to reach this step in our analysis of Catherine Coleman's claim against Columns Properties.

Accordingly, the judgment of the trial court is reversed and the case remanded to the trial court with direction to enter summary judgment in favor of Columns Properties.

*Judgment reversed and case remanded with direction. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 18, 1996.

*Neal C. Scott, Mary P. Vilmos*, for appellant.

*The Sherwinter-McElroy Law Group, Emily Sherwinter, James G. McElroy*, for appellees.

